# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| SIG SAUER INC., <br><br> Plaintiff, <br><br> v. <br><br> SPRINGFIELD, INC., <br> D/B/A SPRINGFIELD ARMORY, <br><br> Defendant. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF SIG SAUER INC.'S COMPLAINT

Plaintiff SIG SAUER Inc. ("SIG SAUER"), by its attorneys, hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of Defendant Springfield, Inc., d/b/a Springfield Armory's ("Springfield Armory") making, using, selling, and offering for sale of certain firearm magazines (either alone and/or in combination with firearms and/or accessories) (the "Accused Products," as further identified below). The Accused Products directly, jointly, indirectly, and/or willfully infringe one or more claims in the following SIG SAUER Patents: U.S. Patent Nos. 10,480,880 ("the '880 patent") and 10,962,315 ("the '315 patent") (collectively, the "Asserted Patents"). Springfield Armory markets the Accused Products as being competitive to SIG SAUER's P365 pistol magazines (the "P365 magazines").

### THE PARTIES

2. SIG SAUER is a Delaware corporation with its principal place of business in Newington, New Hampshire.

29279797v3

3. Springfield Armory is an Illinois corporation with its principal place of business located at 420 West Main Street, Geneseo, Illinois 61254.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. Springfield Armory is engaged in developing, manufacturing, marketing, selling, and distributing a range of firearms and accessories in the United States.

6. This Court has personal jurisdiction over Springfield Armory because it has infringed the Asserted Patents in the Central District of Illinois.

7. Under 28 U.S.C. § 1400(b), venue is proper in this District because it is where Springfield Armory's principal place of business is located.

8. Venue is proper in this Division because Springfield Armory's principal place of business is located in Henry County, Illinois.

## FACTUAL BACKGROUND

9. Headquartered in New Hampshire, SIG SAUER is the largest member of a worldwide business group of firearms manufacturers that includes J.P. SAUER & Sohn and Blaser, GmbH in Germany. In its world-class facilities, SIG SAUER strives to build the toughest, most precise firearms and firearm accessories, including rifles, pistols, ammunition, suppressors, optics, and airguns, while offering the finest firearms training—all as a fully integrated system.

10. SIG SAUER owns all rights, titles, and interests in the Asserted Patents and has the ability to bring this action, including through having standing, by virtue of its complete ownership of the Asserted Patents as well as its injuries described herein.

11. The '880 patent, titled "Ammunition Magazine," issued on November 19, 2019. A copy of this patent is attached to this Complaint as Appendix A.

12. The '315 patent, titled "Ammunition Magazine," issued on March 30, 2021. A copy of this patent is attached to this Complaint as Appendix B.

13. An actual case or controversy exists between SIG SAUER and Springfield Armory with respect to the Asserted Patents.

14. Springfield Armory makes, uses, sells, or offers for sale (including in this District) various ammunition magazines that, literally and/or through the doctrine of equivalents, infringe the Asserted Patents. The Accused Products include magazines designed to work with Springfield Armory's Hellcat line of pistols, including those marketed as the "11-round," "11+1," "13 round," and "13+1" magazines.

15. With respect to the 11+1 and 13+1 magazines, Springfield Armory released an initial commercial version of the products, "1st Generation 11+1" and "1st Generation 13+1" (collectively the "1st Generation Magazines"). In a tacit admission that its initial commercial versions of these products were infringing, at least, the '880 patent, Springfield Armory attempted to implement a "design around" of the '880 patent and released updated commercial versions of the aforementioned products, *i.e.*, "2nd Generation 11+1" and "2nd Generation 13+1" (collectively, the "2nd Generation Magazines"). Both generations of the aforementioned products are "Accused Products."

16. Springfield Armory sells the Accused Products alone and/or in combination with the Hellcat pistols and related accessories, *e.g.*, holsters, sights, grips, magazine "flush plates," magazine "pinky extensions," and magazine "extended" bottom caps.

3

4:21-cv-04085-SLD-JEH   # 1   Page 4 of 9

17. SIG SAUER developed the P365 magazines (which Springfield Armory appears to have copied in pertinent part), as part of its significant investments of time and resources creating new and innovative products.

18. Springfield Armory markets the Accused Products as being competitive to SIG SAUER's P365 magazines. As a result, Springfield Armory has tacitly conceded that any sale of an Accused Product could have been a sale of a P365 magazine.

19. On information and belief, Springfield Armory makes owner's manuals, as well as various marketing and technical information concerning the Accused Products, available to the general public, including its actual and prospective customers. Those materials direct Springfield Armory's customers to configure or otherwise use the Accused Products, and/or components thereof, in an infringing manner.

20. To the extent that Springfield Armory directs and makes use of third parties to manufacture components of Accused Products, or even the entire Accused Products themselves, such activity, on information and belief, constitutes (at least) joint and/or indirect infringement.

21. SIG SAUER notified Springfield Armory of its infringement of the '880 patent by letter dated December 19, 2019. On information and belief, Springfield Armory became aware of the application underlying the '315 patent prior to the filing of this Complaint, as admitted by Springfield Armory's counsel in correspondence dated March 17, 2020, and Springfield Armory has been monitoring that application since then, as evidenced by subsequent communications from its counsel.

22. Since the date Springfield Armory was on notice of the pendency of the application which ultimately issued as the '315 patent, the patent claims did not change in a way that would have prevented Springfield Armory for understanding how those claims covered its products. To the extent that Springfield Armory contends that these claims have been changed

4

29279797v3

substantively, Springfield Armory, on information and belief, received notice of any proposed changes around the time those changes were proposed during prosecution. As part of its claim for damages, SIG SAUER seeks a reasonable royalty from, at least, the date Springfield Armory was first on notice of the scope of the claims in the application which issued as the '315 patent, through the date of that patent's issuance—in addition to damages occurring after issuance of the '315 patent.

23. While the asserted claims of the Asserted Patents will be identified in due course, including after Springfield Armory's production of relevant information, Springfield Armory infringes, at least, the claims addressed below.

24. Claim 1 of the '880 patent reads:

A detachable box magazine comprising:

a hollow magazine tube extending longitudinally along a median plane, the hollow magazine tube having a front tube sidewall, a rear tube sidewall, a left tube sidewall on a left side of the median plane, and a right tube sidewall on a right side of the median plane, wherein the hollow magazine tube defines a single-stack portion and a double-stack portion positioned below the single-stack portion, the single-stack portion sized and constructed to retain at least two vertically aligned cartridges;

wherein opposite lateral margins of the front sidewall have a stepped shape between the double-stack portion and an upper tube end, the stepped shape including a first sloped portion located adjacent the upper tube end and extending downward and laterally outward from the median plane, a vertical section extending from the first sloped portion downward along the median plane, and a second sloped portion extending from the vertical section downward and laterally outward from the median plane to the double-stack portion, wherein the first sloped portion, the vertical section, and the second sloped portion each have a vertical size commensurate with a cartridge to be retained in the detachable box magazine.

25. A chart showing how the 1st Generation 11+1 Magazine infringes claim 1 of the '880 patent is attached as Appendix C, and incorporated herein by reference. This chart, and the contentions inherent within, do not waive any rights and is being provided for purposes of this Complaint and before an opportunity for formal discovery. Infringement contentions will be provided in due course and SIG SAUER's infringement claim against Springfield Armory is not limited to the 1st Generation 11+1 Magazine, or the doctrines of direct and literal infringement.

26. Claim 1 of the '315 patent reads:

A handgun magazine comprising:

a magazine tube, the magazine tube having a front tube sidewall, a rear tube sidewall, a left tube sidewall, and a right tube sidewall, wherein the magazine tube defines a single-stack portion and a double-stack portion positioned below the single-stack portion;

wherein part of the left tube sidewall and part of the right tube sidewall have a stepped shape between the double-stack portion and an upper tube end, the stepped shape including a first sloped portion adjacent the upper tube end, the first sloped portion extending downward and outward, a substantially vertical section extending down from the first sloped portion, and a second sloped portion extending downward and outward from the vertical section; and

wherein, when the magazine tube is loaded to capacity the magazine retains at least three and no more than four cartridges between a bottom of the stepped shape and the upper tube end.

27. A chart showing how the 2nd Generation 11+1 Magazine infringes claim 1 of the '315 patent is attached as Appendix D, and incorporated herein by reference. This chart, including the contentions inherent within, does not waive any rights and is being provided for purposes of this Complaint and before an opportunity for formal discovery. Infringement contentions will be provided in due course and SIG SAUER's infringement claim against Springfield Armory is not limited to the 2nd Generation 11+1 Magazine, or the doctrines of direct and literal infringement.

29279797v3

## COUNT I
## (INFRINGEMENT OF THE '880 PATENT)

28. SIG SAUER hereby incorporates by reference each of the preceding paragraphs.

29. Springfield Armory has infringed one or more claims in SIG SAUER's '880 patent, directly and/or indirectly, including claim 1 as illustrated in Appendix C.

30. Springfield Armory has had knowledge of the '880 patent since, at least, December 19, 2019. Springfield Armory's continued infringement is knowing, intentional, willful, and/or otherwise egregious.

31. As a result of Springfield Armory's infringement, SIG SAUER has suffered, and continues to suffer, damages in an amount to be proved at trial. Compensation for such damages should include, among other things, an injunction against continuing infringement, an award of lost profits or a reasonably royalty, as well as an award of enhanced damages and fees and costs.

## COUNT II
## (INFRINGEMENT OF THE '315 PATENT)

32. SIG SAUER hereby incorporates by reference each of the preceding paragraphs.

33. Springfield Armory has infringed one or more claims in SIG SAUER's '315 patent, directly and/or indirectly, including claim 1 as illustrated in Appendix D.

34. Springfield Armory has had knowledge of the pendency of the application which issued as the '315 patent since, at least, March 17, 2020, and has had knowledge of the issuance of the '315 patent since, at least, the filing date of this Complaint. Springfield Armory's continued infringement is knowing, intentional, willful, and/or otherwise egregious.

35. As a result of Springfield Armory's infringement, SIG SAUER has suffered, and continues to suffer, damages in an amount to be proved at trial. Compensation for such damages should include, among other things, an injunction against continuing infringement, an award of lost profits or a reasonably royalty, as well as an award of enhanced damages and fees and costs.

29279797v3

**PRAYERS FOR RELIEF**

SIG SAUER respectfully requests the following relief:

(a)      A judgment that Springfield Armory has infringed the Asserted Patents and/or will infringe, actively induce infringement of, and/or contribute to infringement by others of the Asserted Patents;

(b)      A permanent injunction enjoining Springfield Armory, and all persons acting in concert with Springfield Armory, from making, using, selling, offering for sale, marketing, distributing, or importing the Accused Products, or any product the use of which infringes the Asserted Patents, or the inducement of, or contribution to, any of the foregoing, prior to the expiration date of the Asserted Patents;

(c)      A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing of the Accused Products, or any product the use of which infringes the Asserted Patents, prior to the expiration date of the Asserted Patents, infringes, will infringe, will actively induce infringement of, and/or will contribute to the infringement by others of the Asserted Patents;

(d)      A declaration that this is an exceptional case and an award of enhanced damages as well as attorneys' fees pursuant to 35 U.S.C. § 285;

(e)      An award of all of SIG SAUER's costs and expenses in this action; and

(f)      Such further and other relief as this Court may deem just and proper.

**JURY DEMAND**

SIG SAUER respectfully requests a trial by jury on all issues so triable.

29279797v3

RESPECTFULLY SUBMITTED this 10th day of May, 2021.

        **SIG SAUER INC.,**

        By its attorneys,

        */s/ Daniel R. Saeedi*
        Daniel R. Saeedi (Bar #629493)
        Paul J. Coogan (Bar #6315276)
        TAFT STETTINIUS & HOLLISTER LLP
        111 East Wacker Suite 2800
        Chicago, IL  60601
        Tel: (312) 840-4308
        Fax: (312) 966-8527
        dsaeedi@taftlaw.com
        pcoogan@taftlaw.com
        *Lead Counsel for SIG SAUER Inc.*

**Of Counsel – Admission Pending:**

Laura L. Carroll
Eric G. J. Kaviar
BURNS & LEVINSON LLP
125 High Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299
lcarroll@burnslev.com
ekaviar@burnslev.com