E-FILED
Tuesday, 06 July, 2021  01:38:43 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

|  |  |
|---|---|
| SIG SAUER INC., <br><br> Plaintiff, <br><br> v. <br><br> SPRINGFIELD, INC., <br> D/B/A SPRINGFIELD ARMORY, <br><br> Defendant. | Civil Action No. 4:21-cv-04085-SLD-JEH <br><br> **JURY TRIAL DEMANDED** |

### SPRINGFIELD, INC.'S ANSWER TO COMPLAINT,
### AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, Springfield, Inc. d/b/a Springfield Armory ("Springfield Armory"), by its attorneys, hereby answer the complaint for patent infringement of Plaintiff, Sig Sauer Inc. ("SIG SAUER") as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of Defendant Springfield, Inc., d/b/a Springfield Armory's ("Springfield Armory") making, using, selling, and offering for sale of certain firearm magazines (either alone and/or in combination with firearms and/or accessories) (the "Accused Products," as further identified below). The Accused Products directly, jointly, indirectly, and/or willfully infringe one or more claims in the following SIG SAUER Patents: U.S. Patent Nos. 10,480,880 ("the'880 patent") and 10,962,315 ("the'315 patent") (collectively, the "Asserted Patents"). Springfield Armory markets the Accused Products as being competitive to SIG SAUER's P365 pistol magazines (the "P365 magazines").

1

**RESPONSE:** Springfield Armory admits that this action alleges patent infringement under the patent laws of the United States.  The remaining allegations are denied.

## THE PARTIES

2.    SIG SAUER is a Delaware corporation with its principal place of business in Newington, New Hampshire.

**RESPONSE:** Springfield Armory is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

3.    Springfield Armory is an Illinois corporation with its principal place of business located at 420 West Main Street, Geneseo, Illinois 61254.

**RESPONSE:** Admitted.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**RESPONSE:** Springfield Armory admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1338 because the Complaint alleges patent infringement and admits this Court has personal jurisdiction over Defendant, and specifically admits jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but is otherwise without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

5.    Springfield Armory is engaged in developing, manufacturing, marketing, selling, and distributing a range of firearms and accessories in the United States.

**RESPONSE:** Admitted.

6.    This Court has personal jurisdiction over Springfield Armory because it has infringed the Asserted Patents in the Central District of Illinois.

**RESPONSE:** Admitted that this Court has personal jurisdiction over Springfield Armory, but otherwise denies this allegation.

7.      Under 28 U.S.C. § 1400(b), venue is proper in this District because it is where Springfield Armory's principal place of business is located.

**RESPONSE:** Admitted.

8.      Venue is proper in this Division because Springfield Armory's principal place of business is located in Henry County, Illinois.

**RESPONSE:** Admitted.

## FACTUAL BACKGROUND

9.      Headquartered in New Hampshire, SIG SAUER is the largest member of a worldwide business group of firearms manufacturers that includes J.P. SAUER & Sohn and Blaser, GmbH in Germany. In its world-class facilities, SIG SAUER strives to build the toughest, most precise firearms and firearm accessories, including rifles, pistols, ammunition, suppressors, optics, and airguns, while offering the finest firearms training—all as a fully integrated system.

**RESPONSE:** Springfield Armory is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

10.      SIG SAUER owns all rights, titles, and interests in the Asserted Patents and has the ability to bring this action, including through having standing, by virtue of its complete ownership of the Asserted Patents as well as its injuries described herein.

**RESPONSE:** Springfield Armory is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

11.    The '880 patent, titled "Ammunition Magazine," issued on November 19, 2019. A copy of this patent is attached to this Complaint as Appendix A.

**RESPONSE:**  Admitted.

12.    The '315 patent, titled "Ammunition Magazine," issued on March 30, 2021. A copy of this patent is attached to this Complaint as Appendix B

**RESPONSE:**  Admitted.

13.    An actual case or controversy exists between SIG SAUER and Springfield Armory with respect to the Asserted Patents.

**RESPONSE:**  Admitted.

14.    Springfield Armory makes, uses, sells, or offers for sale (including in this District) various ammunition magazines that, literally and/or through the doctrine of equivalents, infringe the Asserted Patents. The Accused Products include magazines designed to work with Springfield Armory's Hellcat line of pistols, including those marketed as the "11-round," "11+1," "13 round," and "13+1" magazines.

**RESPONSE:** Springfield Armory admits to making, using, selling and offering for sale various ammunition magazines for its Hellcat® line of pistols, but denies that any of the Accused Products infringe any of the Asserted Patents.  As to the remainder of the allegations, Springfield Armory is without sufficient information to determine their accuracy and therefore denies them.

15.    With respect to the 11+1 and 13+1 magazines, Springfield Armory released an initial commercial version of the products, "1st Generation 11+1" and "1st Generation 13+1" (collectively the "1st Generation Magazines"). In a tacit admission that its initial commercial versions of these products were infringing, at least, the '880 patent, Springfield Armory attempted to implement a "design around" of the '880 patent and released updated

4

commercial versions of the aforementioned products, *i.e.*, "2nd Generation 11+1" and "2nd Generation 13+1" (collectively, the "2nd Generation Magazines"). Both generations of the aforementioned products are "Accused Products."

**RESPONSE:** Springfield Armory admits to selling an initial version and an improved version of its 11+1 and 13+1 magazines for use with its Hellcat® line of pistols but denies that any of the Accused Products infringe either of the Asserted Patents. As to the remainder of the allegations, Springfield Armory is without sufficient information to determine their accuracy and therefore denies them.

16.    Springfield Armory sells the Accused Products alone and/or in combination with the Hellcat pistols and related accessories, *e.g.*, holsters, sights, grips, magazine "flush plates," magazine "pinky extensions," and magazine "extended" bottom caps.

**RESPONSE:** Springfield Armory admits that it sells Hellcat magazines alone and/or in combination with Hellcat pistols. The reference to " 'extended' bottom caps" is understood to mean base magazine extensions, and so understood, the allegation is admitted.

17.    SIG SAUER developed the P365 magazines (which Springfield Armory appears to have copied in pertinent part), as part of its significant investments of time and resources creating new and innovative products.

**RESPONSE:** Denied.

18.    Springfield Armory markets the Accused Products as being competitive to SIG SAUER's P365 magazines. As a result, Springfield Armory has tacitly conceded that any sale of an Accused Product could have been a sale of a P365 magazine.

**RESPONSE:** Denied. Springfield's Hellcat magazines do not work in SIG SAUER's P365 and SIG SAUER's P365 magazines do not work in Springfield's Hellcat firearm.

19.     On information and belief, Springfield Armory makes owner's manuals, as well as various marketing and technical information concerning the Accused Products, available to the general public, including its actual and prospective customers. Those materials direct Springfield Armory's customers to configure or otherwise use the Accused Products, and/or components thereof, in an infringing manner.

**RESPONSE:** Springfield Armory admits that it makes owner's manuals and other information available regarding its Hellcat® line of pistols and associated magazines available to the actual and prospective customers.  The remainder of the allegations are denied.

20.     To the extent that Springfield Armory directs and makes use of third parties to manufacture components of Accused Products, or even the entire Accused Products themselves, such activity, on information and belief, constitutes (at least) joint and/or indirect infringement.

**RESPONSE:** Denied.

21.     SIG SAUER notified Springfield Armory of its infringement of the '880 patent by letter dated December 19, 2019. On information and belief, Springfield Armory became aware of the application underlying the '315 patent prior to the filing of this Complaint, as admitted by Springfield Armory's counsel in correspondence dated March 17, 2020, and Springfield Armory has been monitoring that application since then, as evidenced by subsequent communications from its counsel.

**RESPONSE:**  Springfield Armory received at least as early as December 24, 2019, SIG SAUER's letter dated December 19, 2019 alleging infringement of the '880 patent.  SIG SAUER provided notice of the claims that ultimately issued in the '315 patent upon the filing of the complaint in this action.  Except as admitted, the allegations of this paragraph are denied.

22.     Since the date Springfield Armory was on notice of the pendency of the application which ultimately issued as the '315 patent, the patent claims did not change in a way that would have prevented Springfield Armory for understanding how those claims covered its products. To the extent that Springfield Armory contends that these claims have been change substantively, Springfield Armory, on information and belief, received notice of any proposed changes around the time those changes were proposed during prosecution. As part of its claim for damages, SIG SAUER seeks a reasonable royalty from, at least, the date Springfield Armory was first on notice of the scope of the claims in the application which issued as the '315 patent, through the date of that patent's issuance—in addition to damages occurring after issuance of the '315 patent.

**RESPONSE:**  Denied.  The earlier cancelled claims in the application that ultimately issued as the '315 patent were substantially different from those that issued.

23.     While the asserted claims of the Asserted Patents will be identified in due course, including after Springfield Armory's production of relevant information, Springfield Armory infringes, at least, the claims addressed below.

**RESPONSE:** Denied.

24.     Claim 1 of the '880 patent reads:

A detachable box magazine comprising:

> a hollow magazine tube extending longitudinally along a median plane, the hollow magazine tube having a front tube sidewall, a rear tube sidewall, a left tube sidewall on a left side of the median plane, and a right tube sidewall on a right side of the median plane, wherein the hollow magazine tube defines a single-stack portion and a double-stack portion positioned below the single-stack portion, the single-stack portion sized and constructed to retain at least two vertically aligned cartridges;

> wherein opposite lateral margins of the front sidewall have a stepped shape between the double-stack portion and an upper tube end, the stepped shape

7

including a first sloped portion located adjacent the upper tube end and extending
downward and laterally outward from the median plane, a vertical section
extending from the first sloped portion downward along the median plane, and a
second sloped portion extending from the vertical section downward and laterally
outward from the median plane to the double-stack portion, wherein the first
sloped portion, the vertical section, and the second sloped portion each have a
vertical size commensurate with a cartridge to be retained in the detachable box
magazine.

**RESPONSE:** Admitted.

25.     A chart showing how the 1st Generation 11+1 Magazine infringes claim 1 of the

'880 patent is attached as Appendix C, and incorporated herein by reference. This chart, and the

contentions inherent within, do not waive any rights and is being provided for purposes of this

Complaint and before an opportunity for formal discovery. Infringement contentions will be

provided in due course and SIG SAUER's infringement claim against Springfield Armory is not

limited to the 1st Generation 11+1 Magazine, or the doctrines of direct and literal infringement.

**RESPONSE:**  Denied..

26.     Claim 1 of the '315 patent reads:

A handgun magazine comprising:

a magazine tube, the magazine tube having a front tube sidewall, a rear tube
sidewall, a left tube sidewall, and a right tube sidewall, wherein the magazine
tube defines a single-stack portion and a double-stack portion positioned below
the single-stack portion;

wherein part of the left tube sidewall and part of the right tube sidewall have a
stepped shape between the double-stack portion and an upper tube end, the
stepped shape including a first sloped portion adjacent the upper tube end, the
first sloped portion extending downward and outward, a substantially vertical
section extending down from the first sloped portion, and a second sloped portion
extending downward and outward from the vertical section; and

wherein, when the magazine tube is loaded to capacity the magazine retains
at least three and no more than four cartridges between a bottom of the
stepped shape and the upper tube end.

**RESPONSE:** Admitted.

27.     A chart showing how the 2nd Generation 11+1 Magazine infringes claim 1 of the '315 patent is attached as Appendix D, and incorporated herein by reference. This chart, including the contentions inherent within, does not waive any rights and is being provided for purposes of this Complaint and before an opportunity for formal discovery. Infringement contentions will be provided in due course and SIG SAUER's infringement claim against Springfield Armory is not limited to the 2nd Generation 11+1 Magazine, or the doctrines of direct and literal infringement.

**RESPONSE:** Denied.


## COUNT I

## (INFRINGEMENT OF THE '880 PATENT)

28.     SIG SAUER hereby incorporates by reference each of the preceding paragraphs.

**RESPONSE:** Springfield Armory refers to and incorporates its responses to all preceding paragraphs by reference as though fully set forth herein.

29.     Springfield Armory has infringed one or more claims in SIG SAUER's '880 patent, directly and/or indirectly, including claim 1 as illustrated in Appendix C.

**RESPONSE:** Denied.

30.     Springfield Armory has had knowledge of the '880 patent since, at least, December 19, 2019.  Springfield Armory's continued infringement is knowing, intentional, willful, and/or otherwise egregious.

**RESPONSE:** Springfield Armory admits that it has had knowledge of the '880 patent since at least December 19, 2019.  As to the remainder of the allegations, Springfield Armory denies them.

31.     As a result of Springfield Armory's infringement, SIG SAUER has suffered, and continues to suffer, damages in an amount to be proved at trial. Compensation for such damages should include, among other things, an injunction against continuing infringement, an award of lost profits or a reasonably royalty, as well as an award of enhanced damages and fees and costs.

**RESPONSE:** Denied.

<div align="center">

**COUNT II**

**(INFRINGEMENT OF THE '315 PATENT)**

</div>

32.     SIG SAUER hereby incorporates by reference each of the preceding paragraphs.

**RESPONSE:** Springfield Armory refers to and incorporates its responses by reference to its responses to all preceding paragraphs as though fully set forth herein.

33.     Springfield Armory has infringed one or more claims in SIG SAUER's '315 patent, directly and/or indirectly, including claim 1 as illustrated in Appendix D.

**RESPONSE:** Denied.

34.     Springfield Armory has had knowledge of the pendency of the application which issued as the '315 patent since, at least, March 17, 2020, and has had knowledge of the issuance of the '315 patent since, at least, the filing date of this Complaint. Springfield Armory's continued infringement is knowing, intentional, willful, and/or otherwise egregious.

**RESPONSE:** Springfield Armory admits that at various points in time since March 17, 2020, it had knowledge of the pendency of the application which issued as the '315 patent and had knowledge of the issuance of the '315 patent since the filing date of this Complaint.  As to the remainder of the allegations, Springfield Armory denies them.

35.    As a result of Springfield Armory's infringement, SIG SAUER has suffered, and continues to suffer, damages in an amount to be proved at trial. Compensation for such damages should include, among other things, an injunction against continuing infringement, an award of lost profits or a reasonably royalty, as well as an award of enhanced damages and fees and costs.

**RESPONSE:** Denied.

### JURY DEMAND

SIG SAUER respectfully requests a trial by jury on all issues so triable.

## **AFFIRMATIVE DEFENSES**

Springfield Armory alleges and asserts the following defenses in response to the allegations by Plaintiffs, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Springfield Armory reserves the right to supplement its defenses as the result of any information that it confirms or learns during the course of discovery in this matter.

1.      Springfield Armory has not infringed and/or is not infringing, under any theory of infringement, any valid and enforceable claim of either the '880 patent or the '315 patent.

2.      Some or all of the claims of the '880 and the '315 patents are invalid based upon the prior art under 35 U.S.C. §§ 102 and/or 103.

3.      Some or all of the claims of the '880 patent and the '315 patent are invalid based upon the law of enablement or written description under 35 U.S.C. § 112.

4.      Some or all of the claims of the '880 patent and the '315 patent are invalid as indefinite under 35 U.S.C. § 112.

5.      Some or all of the claims of the '880 patent and the '315 patent are invalid as being directed to new matter, in that the relationships claimed or any alleged benefits thereof were not identified at the time of filing of the respective applications and amount to nothing more than a later contrived assembly of parts.  The claims asserted by SIG SAUER are invalid

under 35 U.S.C. § 103 as obvious according to the standards set forth in KSR International Co. v.

Teleflex Inc., 550 U.S.398 (2007).

6.      To the extent that SIG SAUER and any predecessors in interest to the '880 patent

and the '315 patent failed to properly mark its products or materials under 35 U.S.C. §287, or

otherwise give proper notice that Springfield Armory's actions allegedly infringe the '880 patent

and the '315 patent, Springfield Armory is not liable to SIG SAUER for the act alleged to have

been performed before it received actual notice that it was allegedly infringing the '880 patent

and the '315 patent.

7.      The claims of the '880 patent and the '315 patent are not entitled to a scope

sufficient to encompass any product manufactured and/or sold by Springfield Armory.

8.      Plaintiff is estopped by virtue of prior art and/or due to conduct and

representations made during the prosecution of the '880 patent and the '315 patent and related

patent applications from asserting infringement against Springfield Armory.

9.      Hellcat magazines have far superior spring arrangements, different surface

geometries compared to SIG SAUER's P365 magazine, a novel base locking arrangement, and

greater cartridge capacity for its height when compared to the relatively less compact P365

magazine.  Springfield Armory's magazines use a remarkably clever and compact mechanism

not found in SIG SAUER's magazine - a very compact spring and follower combination that

allows for a greater capacity of cartridges for a given magazine size.

10.      Springfield Armory's superior Hellcat design is also evidenced by numerous

accolades that place Springfield Armory's Hellcat at the top of numerous offerings of small

handguns being marketed at the time of the awards.  Examples of accolades, among others,
include:

    a.   NRA American Rifleman Magazine - Handgun of the Year 2020

    b.   Guns & Ammo Magazine - Handgun of the Year 2020

    c.   Ballistic Magazine – Best Compact Handgun 2020

    d.   Concealed Nation – Best Concealed Carry Handgun 2019

11.    Although repeatedly requested, SIG SAUER initially refused to provide a
conventional claim chart to explain how it was that it had concluded that there was infringement
of the '880 patent.  Instead of supplying a claim chart, and without notifying Springfield Armory,
SIG SAUER attempted to address the deficiencies in its initial claim of infringement of this first
set of claims in its first patent (the '880 patent) by pursuing a second, continuation application
with a second set of claims.  Springfield Armory informed SIG SAUER that this second set of
allowed claims in the second patent application covered SIG SAUER's own prior art that SIG
SAUER had not told the examiner about.  SIG SAUER then abandoned its effort on the second
set of claims only to pursue a third set of claims.  As to this third set of claims, Springfield
Armory informed SIG SAUER of an additional example of SIG SAUER's own prior art that SIG
SAUER had still not told the examiner about.

12.    Upon being informed that Springfield Armory was aware of SIG SAUER's own
invalidating prior art that SIG SAUER had not told the examiner about, SIG SAUER abandoned
its third set of claims and proposed a still further fourth set of claims substantially modified from

its earlier claims.  SIG SAUER allowed this patent to issue as its second asserted patent, the '315 patent.

13.     SIG SAUER made no assertion of possible infringement of any claim that issued in the '315 patent until serving its complaint.

14.     The claim charts attached to the complaint are indefinite.  Once SIG SAUER provides definite and detailed claim charts as to all claims it seeks to pursue, such claim charts may lead to other defenses on the merits, and Springfield Armory reserves the right to later present such defenses.

15.     While yet not a part of this litigation, but apparently in recognition of the shortcomings of both patents asserted in this action, SIG SAUER has filed a continuation patent application with a fifth set of patent claims (Ser. No. 17,070,224 filed October 14, 2020).   These claims have not yet been allowed.  Other related patent applications are pending in foreign jurisdictions and no claims corresponding to the asserted claims in this action have been allowed in those patent applications.

16.     It is SIG SAUER's duty to clearly and definitely set forth the basis of any of its claims for infringement before an alleged infringer has any duty to respond.  Springfield Armory cited *Regeneron Pharmaceuticals, Inc. v. MERUS NV,* 864 F.3d 1343, 1356-7 (Fed. Cir. 2017), (Cert. Den. 2018) to emphasize this point in the context of litigation.

17.     Because the claims of a patent measure the invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement analyses. See *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 882, 8 USPQ2d 1468, 1471 (Fed. Cir. 1988). "A patent may not, like a 'nose of wax,' be twisted one way to avoid

anticipation and another to find infringement." *Sterner Lighting, Inc. v. Allied Elec. Supply, Inc.*, 431 F.2d 539, 544 (5th Cir. 1970) (citing *White v. Dun*bar, 119 U.S. 47, 51 (1886)).

     18.    SIG SAUER's complaint reflects a desperate attempt to profit from later, superior products innovated by others, that SIG SAUER's patent disclosures and asserted claims are clueless about.

     19.    Because of SIG SAUER's conduct as outlined above, this case should be considered an exceptional case and that Springfield Armory be awarded its reasonable attorney fees in defending itself in this action.  See 35 U.S.C. § 285.

## COUNTERCLAIMS

### THE PARTIES

     1.    Counterclaim-Plaintiff, Springfield, Inc. d/b/a Springfield Armory ("Springfield Armory") is a corporation organized under the laws of the State of Illinois, and has a principal place of business at 420 West Main Street, Geneseo, Illinois 61254.

     2.    On information and belief, and based on Paragraph 2 of the Complaint as pled by Plaintiffs, counterclaim defendant Sig Sauer Inc. ("SIG SAUER") is a Delaware corporation having a principal place of business in Newington, New Hampshire.

### JURISDICTION

     3.    These counterclaims arise under the patent laws of the United States, Title 35, U.S.C.  The jurisdiction of this Court is proper under at least 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§2201 and 2202.

     4.    This court has personal jurisdiction over SIG SAUER by, *inter alia*, its filing of its Complaint against Springfield Armory.

5.      Venue may be made in this District, pursuant to at least 28 U.S.C. § 1391 and because, *inter alia*, this is a counterclaim to an action filed by SIG SAUER in this district.

## Count I

## Declaratory Relief Regarding Non-infringement

6.      Plaintiff has alleged that Springfield Armory has infringed and is continuing to infringe the '880 patent and the '315 patent.  Springfield Armory denies that it has infringed any valid claim of the '880 patent or the '315 patent.  Springfield Armory's positions set forth in its response to Plaintiff's complaint are incorporated herein.

7.      Accordingly, there is an actual, immediate, and justiciable controversy between the parties.

8.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Springfield Armory requests a declaration by the Court that it does not infringe any valid claim of the '880 patent and the '315 patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## Count II

## Declaratory Relief Regarding Invalidity

9.      Plaintiff has alleged that Springfield Armory has infringed and is continuing to infringe the '880 patent and the '315 patent.  Springfield Armory denies these allegations because, among other things, the claims of the '880 patent and the '315 patent are invalid under the patent laws of the United States, including one or more provisions of 35 U.S.C. §§ 102, 103

and 112.  Springfield Armory's positions set forth in its response to Plaintiff's complaint are incorporated herein.

10.     Accordingly, there is an actual, immediate, and justiciable controversy between the parties.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Springfield Armory requests a declaration by the Court that the claims of the '880 patent and the '315 patent are invalid under at least Title 35 U.S.C. §§102, 103 and/or 112.


## PRAYER FOR RELIEF

**WHEREFORE**, Springfield Armory respectfully prays that the Court enter judgment:

a.      Declaring that Springfield Armory has not infringed and/or is not infringing any valid claim of the '880 patent and the '315 patent;

b.      Declaring that the claims of the '880 patent and the '315 patent are invalid;

c.      Entering judgment in favor of Springfield Armory dismissing SIG SAUER's complaint with prejudice;

d.      Declaring this an exceptional case under 35 U.S.C. § 285 in favor of Springfield Armory;

e.      Awarding Springfield Armory its costs, including attorneys' fees, incurred in defending this action; and

f.      Awarding Springfield Armory such other relief as the Court deems just and proper.

## STAY OF ACTION PENDING USPTO PROCEEDINGS

Springfield Armory is planning to file proceedings in the U.S. Patent and Trademark Office challenging the validity of SIG SAUER's two asserted patents given the positions set forth in the claim charts attached to the Complaint in this action.  A stay of this action pending the resolution of those proceedings would be appropriate for the efficient administration of justice in this action.

Dated: July 6, 2021                                 Respectfully submitted,

s/John C. McNett
John C. McNett
Spiro Bereveskos
William A. McKenna
Woodard, Emhardt, Henry, Reeves & Wagner, LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204
Tel: (317) 634-3456
Fax: (317) 637-7561
Email: jmcnett@uspatent.com
wmckenna@uspatent.com

*Attorneys for Defendant, Springfield Inc. d/b/a Springfield Armory*

*Local Counsel for Defendant:*

James S. Zmuda #6282119
Keisha N. Douglas #6233833
Califf & Harper, P.C.
1515 5th Avenue, Suite 700
Moline, Illinois  61265

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 6, 2021 the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to counsel of record registered with this Court.

<div style="margin-left:40%">

s/John C. McNett

John C. McNett

</div>