UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SIG SAUER INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>SPRINGFIELD, INC.,<br>D/B/A SPRINGFIELD ARMORY,<br><br>       Defendant. | Civil Action No. 4:21-CV-04085-SLD-JEH |

### AMENDED PROTECTIVE ORDER

Plaintiff SIG SAUER Inc. ("SIG SAUER") and Defendant Springfield, Inc., d/b/a Springfield Armory ("Springfield Armory") (collectively, the "Parties" and each individually a "Party"), respectfully ask the Court to enter this Proposed Protective Order (the "Order"). This form of Order is based on the rulings by the Court (U.S.M.J. Hawley) at the initial scheduling conference held telephonically on August 17, 2021.

The Parties note that the words "party" or "parties" are sometimes capitalized in the Order to refer to a Party or the Parties in this litigation, and a reference to a Party is made plural, or vice versa, to ensure the related text is accurate as it applies to this litigation.

\*\*\*

The Parties having moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for the entry of such order to the extent that the dissemination of documents produced in discovery governed by the Federal Rules of Civil Procedure shall be limited as set forth, *infra*. Good cause is established due to the fact that the discovery in the case is likely to involve information not otherwise publicly available absent this litigation and/or information treated as non-public, private information by a Party or producing

non-party. This Order is intended to protect the privacy interests of the Parties and non-parties, facilitate the quick and efficient production of discovery, and allow for the dissemination of information for purposes unrelated to this litigation when there is a demonstrated need.

**1.    Scope.**

(a)    This Order applies to all discovery produced by a Party to another Party pursuant to the Federal Rules of Civil Procedure. This Order also applies to discovery produced to a Party by a non-party pursuant to a subpoena issued pursuant to Federal Rule of Civil Procedure 45.

(b)    This Order does not apply to discovery produced by a Party or non-party pursuant to a request made under a state or federal freedom of information law.

(c)    This Order applies to deposition testimony and related transcripts and documents shown, identified, or marked as exhibits therein.

**2.    Limitation on disclosure.**

(a)    Discovery within the scope of this Order as set forth in Section 1, and which has been designated by a Party or non-party as "Confidential" or "Attorneys' Eyes Only" shall not be used or disclosed by the Parties, Counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Any Party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) that the designating party otherwise believes in good faith to be entitled to protection under Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure. Any Party to this

litigation and any third-party shall also have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business, technical, or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

(b)     "Confidential" information subject to this Order may be disclosed to the following persons in the course of this litigation:

    **(i)**    **Counsel.**  Counsel of record for the Parties in this action and employees of such counsel who are assisting in this action;

    **(ii)**   **Parties.**  Individual Parties and employees of a Party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    **(iii)**  **This Court and any other Court before which this litigation is or may be pending and those courts' personnel.**

    **(iv)**   **Court Reporters and Recorders used in this litigation.**

    **(v)**    **Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents in this action, including outside vendors hired to process electronically stored documents;

    **(vi)**   **Consultants and Experts.** Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action;

3

      **(vii)**    **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary.

      **(viii)**    **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

      **(ix)**    **Others by Consent.** Other persons only by written consent of the designating Party.

(c) "Attorneys' Eyes Only" information subject to this Order may only be disclosed in the course of this litigation to the persons identified in Section 2(b), with the exception of those persons identified in subsection 2(b)(ii). By way of example, counsel receiving Attorneys' Eyes Only information from an opposing Party may not share that information with that receiving counsel's client.

(d) Prior to disclosure of any discovery subject to this Order to a person listed in Section (b)(ii) (v), (vi), (viii), and (ix), the person making the disclosure must inform the person to whom the discovery is produced that disclosure to and by them is subject to this Order.

(e) Prior to producing specific discovery, a Party may seek to further limit disclosure of that discovery than allowed in this Order by agreement of the Parties or further order of the Court. A Party may, after conferral with opposing counsel, file a motion seeking additional limitations on disclosure, which shall set forth with specificity the discovery, or categories of discovery, for which additional protection is sought and why.

(f) For the avoidance of doubt, nothing in this Order shall prevent or otherwise restrict counsel of record from rendering advice to their respective clients and, in the course thereof, relying generally on counsel's examination of material designated under this Order; provided, that in rendering such advice and otherwise communicating with such clients, counsel

shall not make specific disclosure of any such material or its contents except as otherwise permitted by this Order.

**3.    Filing of discovery subject to this Order and use in Court proceedings**

(a)    This Order does not authorize the filing of any document under seal. A Party who wishes to file a document under seal must do so in accordance with Local Rule 5.10 and establish a legal basis for why such document may and should be sealed under applicable law.

(b)    This Order does not prohibit or limit the use or disclosure of any discovery during the course of any public court proceedings in this litigation, including hearings and trial.

**4.    Relief from this Order**

(a)    A Party may disclose discovery subject to this Order by agreement of the Parties or further order of the Court.

(b)    In the event that a Party or non-party to whom such information was produced or disclosed ("Receiving Party") disagrees at any time with any designation(s) made by the party who produced or disclosed the information ("Designating Party"), the Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 10 days stating their good faith basis for the designation. Thereafter, the parties shall confer in an attempt to resolve the challenge. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or

material.  In the event the Designating Party fails to properly respond to the Receiving Party's written notice, the designated information is deemed free from restriction under this Order.

      (c)     A Party seeking to disclose discovery subject to this Order may, after conferral with opposing counsel pursuant to Section 4(b), file a motion with the Court seeking relief from this Order.  Such motion shall indicate with specificity the discovery, or categories of discovery, which the Party seeks to disclose; to whom; and the reason for the requested disclosure, unless such information would reveal attorney-client communications or attorney work product.

**5.**     **Conferral**

Prior to filing any motion related to this Order, the Parties must confer and so certify in any motion related to this Order.  A motion which fails to include such certification shall be stricken. Conferral must include at least one telephone or in-person meeting between or among counsel, unless the issue is resolved by the Parties through written conferral.

**6.**     **Clawback Requests**

      (a)     If, at any time, a party or non-party discovers that it produced or disclosed protected information without a confidentiality designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation(the "clawback notification").  In response, the Receiving Party may then either appropriately mark or request substitute production of the newly designated information.  Within 30 days of receiving the clawback notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that

information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

(b)   If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection.

**7.   Violation of this Order**

Any person subject to this Order who intentionally violates the limitations on the disclosure of discovery set forth herein shall be subject to this Court's contempt powers, in addition to any other sanctions allowed under the Federal Rules of Civil Procedure.

*It is so ordered.*

Entered: _____

                                                                                          _____
                                                                                          U.S. Magistrate Judge

Respectfully submitted this 17th day of August, 2021,

| **SIG SAUER INC., Plaintiff** | **SPRINGFIELD, INC., d/b/a SPRINGFIELD ARMORY, Defendant** |
|---|---|
| By: */s/ Laura L. Carroll* <br> Laura L. Carroll <br> Eric G. J. Kaviar <br> BURNS & LEVINSON LLP <br> 125 High Street <br> Boston, MA 02110 <br> Tel: (617) 345-3000 <br> Fax: (617) 345-3299 <br> lcarroll@burnslev.com <br> ekaviar@burnslev.com <br><br> Daniel R. Saeedi (Bar #629493) <br> Paul J. Coogan (Bar #6315276) <br> Sukrat A. Baber (Bar #6319022) <br> TAFT STETTINIUS & HOLLISTER LLP <br> 111 East Wacker Suite 2800 <br> Chicago, IL 60601 <br> Tel: (312) 840-4308 <br> Fax: (312) 966-8527 <br> dsaeedi@taftlaw.com <br> pcoogan@taftlaw.com <br> sbaber@taftlaw.com <br><br> *Counsel for SIG SAUER Inc.* | By: */s/ Spiro Bereveskos* <br> Spiro Bereveskos <br> John C. McNett <br> William A. McKenna <br> WOODARD, EMHARDT, HENRY, REEVES & WAGNER, LLP <br> 111 Monument Circle, Suite 3700 <br> Indianapolis, IN 46204 <br> Tel: (317) 634-3456 <br> Fax: (317) 637-7561 <br> jmcnett@uspatent.com <br> wmckenna@uspatent.com <br><br> James S. Zmuda (Bar #6282119) <br> Keisha N. Douglas (Bar #6323833) <br> CALIFF & HARPER, P.C. <br> 1515 5th Avenue, Suite 700 <br> Moline, IL 61265 <br> Tel: (309) 764-8300 <br> Fax: (309) 405-1735 <br> jzmuda@califf.com <br> kdouglas@califf.com <br><br> *Counsel for Defendant Springfield, Inc. d/b/a Springfield Armory* |