IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SIG SAUER INC.,<br>    Plaintiff/Counterclaim<br>    Defendant,<br><br>v.<br><br>SPRINGFIELD, INC., d/b/a<br>SPRINGFIELD ARMORY,<br>    Defendant/Counterclaim<br>    Plaintiff. | Case No. 4:21-cv-04085-SLD-JEH |

### Order

Now before the Court is the Defendant/Counterclaim Plaintiff Springfield, Inc., d/b/a Springfield Armory's Motion to Amend Counterclaims (Doc. 30), the Plaintiff/Counterclaim Defendant Sig Sauer Inc.'s Opposition to Springfield Armory's Motion to Amend its Pleadings (Doc. 33), and the Defendant/Counterclaim Plaintiff's Reply (Doc. 35). For the reasons set forth below, the Defendant's Motion is DENIED.

I

On May 10, 2021, the Plaintiff, a firearms manufacturer, filed its Complaint (Doc. 1) against Defendant Springfield, Inc. alleging two counts of patent infringement. Specifically, the Plaintiff alleged the Defendant has made, used, sold, and offered for sale certain firearm magazines which directly, jointly, indirectly, and/or willfully infringe one or more claims in Sig Sauer U.S. Patent Nos. 10,480,880 (880 Patent) and 10,962,315 (315 Patent). On July 6, 2021, the Defendant filed its Answer to Complaint, Affirmative Defenses and

1

Counterclaims (Doc. 14). The Defendant counterclaimed for declaratory relief regarding non-infringement (Count I) and declaratory relief regarding invalidity (Count II). On August 16, 2021, the Plaintiff filed a Motion for Judgment on the Pleadings (Doc. 23) seeking a judgment dismissing and/or striking the Defendant's affirmative defenses and counterclaims. The Defendant thereafter filed its First Amended Answer to Complaint, Affirmative Defenses and Counterclaims (Doc. 28) which again included one counterclaim for declaratory relief regarding non-infringement and a second counterclaim for declaratory relief regarding invalidity.

On August 18, 2021, the Court adopted the Revised Discovery Plan Schedule (Doc. 24) which included a deadline of January 24, 2022 to "[a]mend pleadings as of [r]ight" and to "[j]oin additional parties without leave of court." (Doc. 24 at pg. 1). On October 8, 2021, the Defendant filed the instant Motion to Amend Counterclaims to assert a patent infringement claim. The Plaintiff states that just recently, on September 28, 2021, it was granted U.S. Patent No. 11,131,525 (525 Patent). In its proposed Second Amended Answer to Complaint, Affirmative Defenses and Counterclaims, the Defendant alleges that upon information and belief, the Plaintiff makes, uses, imports, sells, or offers for sale three firearms assemblies that infringe one or more claims of the 525 Patent.

## II

Federal Rule of Civil Procedure 15(a)(2) provides in relevant part that the Court should freely give leave to a party to amend its pleading "when justice so requires." FED. R. CIV. P. 15(a)(2). However, leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted).

The Plaintiff argues that adding an unrelated patent dispute would cause undue prejudice as: there are no overlapping facts or issues between the dispute set forth in its Complaint and the Defendant's new patent claim; allowing the amendment would double the expense, complexity, and length of trial in this case, and trying two different patent disputes concerning unrelated technologies would be more likely to confuse a jury than focusing on a single dispute. The Defendant, on the other hand, argues that both patent infringement claims require overlapping presentations of information on how firearms are constructed and operate, how the businesses operate and sales are made, the commercial relationship between the parties, and customary and comparable profits and licensing practices bearing on damages issues such that resolving all claims between the parties in one proceeding is more economical. The Court agrees with the Plaintiff. The Complaint and proposed counterclaim share just two things in common: the parties and claims of patent infringement. Whereas the Plaintiff's 880 Patent and 315 Patent "are directed to ammunition magazine technology" and which are alleged to have been infringed based upon Springfield, Inc.'s use and sale of certain pistol magazines, the Defendant's 525 Patent "concerns free-floating handguards which attach to rifle or rifle-style barrels." (Doc. 33 at pgs. 4-5).[1]

In contrast to the instant case, in *IXYS Corp. v. Advanced Power Tech., Inc.*, the defendant/counterclaimant sought leave to amend to add a counterclaim for infringement of a patent that was *the parent of the patent* of which the defendant had already counterclaimed for infringement. 2004 U.S. Dist. LEXIS 804, at *1, 9 (N.D. Cal. Jan. 22, 2004). The *IXYS Corp.* court thus rejected the plaintiff's argument that the proposed amendment would present a new legal theory such that it would cause a "radical shift in direction" where the parent patent

---

[1] The Defendant does not challenge the Plaintiff's summary description of the parties' respective patents.

3

"describe[d] correspondingly similar technology; the majority of the claim terms in question in the [parent] patent [were] repeated in" the patent already at issue in the case.  *Id.* at *9.  In *01 Communique Lab., Inc. v. Citrix Sys.*, the plaintiff sought to amend its complaint for patent infringement to include allegations that an additional one of the defendant's products infringed upon the plaintiff's patent.  2014 U.S. Dist. LEXIS 75367, at *15 (N.D. Ohio June 3, 2014).  The *01 Communique Lab., Inc.* court concluded that "substantial considerations of judicial economy and efficiency" compelled it to permit the amendment where the amendment did not add any new parties, "nor [did] it identify new patents with additional claims that would need to be construed.  Rather, *the amendment involve[d] the same patent* and similar technology."  *Id.* at *25-26. (emphasis added).

While the Defendant here does not state with specificity the extent of overlap that may exist in this case, the extent of overlap between the existing and proposed patent infringement claims in the Defendant's cited cases was abundantly clear.  In fact, here, the Plaintiff already detailed an instance where overlap is lacking:  the Sig Sauer handguards (the subject of the proposed counterclaim) were designed by an entirely different research and development team than those who designed and invented the pistol magazines (the subject of the Complaint).  (Doc. 33 at pg. 11).  Thus, the Court is not convinced that allowing amendment would promote judicial economy in this case.

The Defendant also disputes that the expanded scope of the case, should the amendment be allowed, would prejudice the Plaintiff; the Defendant says the burden of defending against an infringement claim cannot, in and of itself, be considered prejudicial and pursuing parallel cases would be more costly.  However, it certainly seems fair to consider the increased cost of expanded litigation as prejudicial to the Plaintiff where the expanded litigation would not necessarily guarantee a more efficient use of everyone's time and resources.

Lastly, the Court agrees with the Defendant that juries in this district are competent to handle a patent infringement dispute. But that does not mean that the Court should ignore the reality that presenting two different patent disputes to a single jury is simply more likely to confuse and/or mislead a jury than would presenting one dispute. Bifurcation for trial would not remedy the inefficiencies that would occur in the pre-trial phase of the case and could very well cause additional time and expense. *See* FED. R. CIV. P. 42(b) ("For convenience, to avoid prejudice, or to *expedite and economize*, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims . . . .") (emphasis added).

Because the Defendant's Motion to Amend is denied, it is unnecessary to consider the Plaintiff's alternative request to grant the Motion, sever the new patent counterclaim, and transfer the counterclaim to the District of New Hampshire.

### III

For the reasons set forth above, the Defendant/Counterclaim Plaintiff's Motion to Amend Counterclaims (Doc. 30) is DENIED. The Clerk is directed to MOOT the Plaintiff/Counterclaim Defendant's Motion for Judgment on the Pleadings (Doc. 23) as the Defendant has since filed its First Amended Answer to Complaint, Affirmative Defenses and Counterclaims (Doc. 28). *See* Civil LR 7.1(E).

*It is so ordered.*

Entered on November 17, 2021.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE