# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| SIG SAUER INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPRINGFIELD, INC.,<br>D/B/A SPRINGFIELD ARMORY,<br><br>　　　　　Defendant. | Civil Action No. 4:21-CV-04085-SLD-JEH |

## JOINT STATUS REPORT FOR
## CLAIM CONSTRUCTION BRIEFING

Plaintiff SIG SAUER Inc. ("SIG SAUER") and Defendant Springfield, Inc., d/b/a Springfield Armory ("Springfield Armory") (collectively, the "Parties"), hereby submit this Joint Status Report for Claim Construction Briefing to the Court. The Parties also request the Court's guidance, via teleconference or otherwise, in order to resolve the remaining disputes described below.

As set forth in the Consent Motion to Modify and Extend Claim Construction Briefing Schedule (Doc. 43), the Parties have continued to meet and confer concerning claim terms to submit to the Court for construction. The Parties have worked diligently to narrow their disputes, but a number of disputes and related questions for the Court remain. The Parties now provide this Joint Status Report on the Parties' progress and the remaining disputes for the Court's consideration.

The Parties report as follows:

1.　The Court-approved Revised Discovery Plan in this case (Doc. 24), as amended by the Agreed Motion to Extend Patent-Related Deadlines ("Agreed Motion") (Doc. 37),

approved by Order dated January 7, 2022, references certain local rules from the N.D. Ill. Local Patent Rules ("LPR"). Specifically, the Revised Discovery Plan references LPR 4.1(a) with respect to the "[e]xchange of claim terms, proposed constructions, and the identification of 35 U.S.C. § 112(6) claim elements and related disclosures," and references LPR 4.1(b) with respect to the Parties' obligation to meet and confer on claim construction matters. The Agreed Motion, approved by this Court in January, contains the same references to LPR 4.1.

2. LPR 4.1(b) provides in pertinent part that, following the Parties' "exchange of claim terms and phrases, the parties must meet and confer and agree upon no more than ten (10) terms or phrases to submit for construction by the court. No more than ten (10) terms or phrases may be presented to the Court for construction absent prior leave of court upon a showing of good cause."

3. SIG SAUER contends that the ten-term limit of LPR 4.1(b) was explicitly adopted by the Revised Discovery Plan, and confirmed in the Agreed Motion, while Springfield Armory contends that the ten-term limit of LPR 4.1(b) does not apply. The Parties request the Court's guidance on this issue, before proceeding with claim construction briefing.

4. The Parties have provided further details below concerning their remaining disputes, to assist the Court. In the Parties' initial exchange of proposed terms to be construed, Springfield Armory proffered 27 terms for construction, while SIG SAUER proposed that no term needed to be construed as there was no dispute between the Parties which could not be resolved by simply applying the plain and ordinary meaning of the relevant claim terms.

5. Following considerable discussion, the Parties have now agreed on six (6) terms for construction (the "Agreed Upon Terms") as follows:

- *"single-stack portion"*

- *"opposite lateral margins of the front sidewall"*

- *"vertical size commensurate with a cartridge"*

- *"web region"*

- *"stepped shape"*

- *"forward portion"*

6. The Parties disagree, however, over a number of clauses proposed by Springfield Armory (the "Disputed Clauses"). In particular, the Parties disagree as to whether the Disputed Clauses proposed by Springfield Armory each constitute a single term for construction, as Springfield Armory contends, or each contain multiple terms which should be construed independently, as SIG SAUER contends. As such, the Parties disagree on the total number of terms that would be before the Court for construction.

7. The Parties have presented below information and their respective positions as to each of the Disputed Clauses. The first Disputed Clause is *"a ... vertical section extending [down/downward] from the first sloped portion [downward]."* Springfield Armory contends this is a single term to be construed. SIG SAUER contends that if this Disputed Clause is to be construed, it contains four distinct terms, each of which should be construed independently, *i.e.*, *"vertical section;" "extending;" "down/downward;"* and *"first sloped portion."*

8. The second Disputed Clause is *"the single-stack portion sized and constructed to retain [2 or 3] ... vertically aligned cartridges."* Springfield Armory contends that this clause is a mean-plus-function limitation under 35 U.S.C. § 112(6), to be construed as a single term. SIG SAUER disagrees and contends that Springfield Armory cannot overcome the presumption that this is not a means-plus-function limitation, and that, if this Disputed Clause is

3

to be construed, it contains three distinct terms each which would need to be construed in order to address each distinct claim limitation within the larger clause: *"the single-stack portion;" "sized and constructed to retain [2 or 3] [cartridges];"* and *"vertically aligned [cartridges]."*

9. The third Disputed Clause is *"a floorplate configured to engage the grip extension and the bottom tube end, thereby retaining the grip extension on the magazine tube when the floorplate is installed on the tube bottom end."* Springfield Armory contends that this clause is a means-plus-function limitation, to be construed as a single term. SIG SAUER disagrees and contends that Springfield Armory cannot overcome the presumption that this is not a means-plus-function limitation, and that, if this Disputed Clause is to be construed, it contains six distinct terms each of which would need to be construed in order to address each distinct claim limitation within the larger clause: *"floorplate;" "engage;" "the grip extension;" "bottom tube end;" "retaining [the grip extension] on the magazine tube;"* and *"installed on the tube bottom end."*

10. The fourth Disputed Clause is *"wherein the stepped shape causes projectiles of at least two cartridges to be vertically aligned along the single-stack portion when two or more cartridges are installed in the hollow magazine tube."* Springfield Armory contends that this clause is a means-plus-function limitation, to be construed as a single term. SIG SAUER disagrees and contends that Springfield Armory cannot overcome the presumption that this is not a means-plus-function limitation, and that, if this Disputed Clause is to be construed, it contains four terms, each of which would need to be construed in order to address each distinct claim limitation within the larger clause: *"stepped shape;" "causes;" "vertically aligned;"* and *"single-stack portion."*

4

11. The fifth Disputed Clause is *"when the magazine contains [2 or 3] cartridges, projectiles of at least [2 or 3] cartridges in the single-stack portion are generally aligned in a single column along the front tube sidewall."* Springfield Armory contends that this clause is a means-plus-function limitation, to be construed as a single term. SIG SAUER disagrees and contends that Springfield Armory cannot overcome the presumption that this is not a means-plus-function limitation, and that, if this Disputed Clause is to be construed, it contains at least four terms, each of which would need to be construed in order to address each distinct claim limitation within the larger clause: *"when the magazine contains [2 or 3] cartridges;" "projectiles of at least [2 or 3] cartridges;" "single-stack portion;"* and *"generally aligned in a single column along the front tube sidewall."*

12. It is not the Parties' intention in this Joint Status Report to fully brief their respective positions with respect to the Disputed Clauses. That said, to the extent it is helpful for the Court, each Party has provided below a very short statement of their position.

13. It is Springfield Armory's position that it is proposing eleven (11) terms for construction, *i.e.*, the six Agreed Upon Terms and five Disputed Clauses. Springfield Armory is seeking to have these terms construed because it contends that if its constructions are adopted, that will lead to a finding of no infringement. Springfield also contends that the longer phrases in the Disputed Clauses are themselves entire terms that need to be construed as a whole because the interrelationship of all the individual words in the phrase needs to be construed and not merely individual words therein out of their context. In other words, it is Springfield Armory's position that splitting up the Disputed Clauses as SIG SAUER proposes would not lead to a construction of their contextual interrelationships.

14. It is SIG SAUER's position that none of the Disputed Clauses should be treated as a single term for construction, and that as a result, 22 terms are being proposed for construction, *i.e.*, the six Agreed Upon Terms and 16 terms within the Disputed Clauses.[1] As noted above, SIG SAUER does not agree that any of the Disputed Clauses are means-plus-function limitations. SIG SAUER further contends that Springfield Armory is proposing to improperly construe entire claim limitations, without regard to whether those limitations contain multiple distinct concepts. SIG SAUER is concerned that construing the Disputed Clauses in that manner will result in an improper amendment of the actual scope of the claims. SIG SAUER further contends that the Disputed Clauses include terms for construction which do not appear relevant nor need to be construed.

15. Given the ten-term limit stated in LPR 4.1(b), and that rule's reference in the Revised Discovery Plan and Agreed Motion, the Parties did not want to propose and address in their claim construction briefing more than ten terms without first consulting with the Court and obtaining clarification and/or approval if necessary.

16. Once the Court has reviewed this Joint Status Report, the Parties request that this Court schedule a teleconference or otherwise provide guidance to the Parties as to the parameters of claim construction in advance of, and in furtherance of the Parties' briefing on claim construction.

---

[1] SIG SAUER's total of 22 terms has no double-counting. For example, "single-stack portion" has only been counted once, even though it appears on the list of Agreed Upon Terms, as well as within three of the Disputed Clauses.

Respectfully submitted,

Dated: July 29, 2022

| **SIG SAUER INC., Plaintiff** | **SPRINGFIELD, INC., d/b/a SPRINGFIELD ARMORY, Defendant** |
|---|---|
| By: */s/ Laura L. Carroll* | By: */s/ William A. McKenna* |
| Laura L. Carroll | Spiro Bereveskos |
| Eric G. J. Kaviar | John C. McNett |
| Daniel McGrath | William A. McKenna |
| BURNS & LEVINSON LLP | WOODARD, EMHARDT, HENRY, REEVES & WAGNER, LLP |
| 125 High Street | |
| Boston, MA 02110 | 111 Monument Circle, Suite 3700 |
| Tel: (617) 345-3000 | Indianapolis, IN 46204 |
| Fax: (617) 345-3299 | Tel: (317) 634-3456 |
| lcarroll@burnslev.com | Fax: (317) 637-7561 |
| ekaviar@burnslev.com | jmcnett@uspatent.com |
| dmcgrath@burnslev.com | wmckenna@uspatent.com |
| | |
| Daniel R. Saeedi (Bar #629493) | James S. Zmuda (Bar #6282119) |
| Paul J. Coogan (Bar #6315276) | Keisha N. Douglas (Bar #6323833) |
| TAFT STETTINIUS & HOLLISTER LLP | CALIFF & HARPER, P.C. |
| 111 East Wacker Suite 2800 | 155 5th Avenue, Suite 700 |
| Chicago, IL 60601 | Moline, IL 61265 |
| Tel: (312) 840-4308 | Tel: (309) 764-8300 |
| Fax: (312) 966-8527 | Fax: (309) 405-1735 |
| dsaeedi@taftlaw.com | jzmuda@califf.com |
| pcoogan@taftlaw.com | kdouglas@califf.com |

## CERTIFICATE OF SERVICE

      The undersigned certifies that on July 29, 2022, I electronically transmitted the foregoing to the Clerk of the Court using the CM/ECF System for filing and transmittal to the CM/ECF registrants.

                                        */s/ Laura L. Carroll*
                                        Laura L. Carroll